Mudiangomba v. Holder

BIA
A095 837 895

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of November, two thousand ten.

PRESENT:
        DENNIS JACOBS,
                *Chief Judge,*
        JON O. NEWMAN,
        RALPH K. WINTER,
                *Circuit Judges.*

───────────────────────────────────

DIEMU JEAN PAUL MUDIANGOMBA, ALSO KNOWN AS JOHN KAPYA PAUL MULUMBA,
        *Petitioner,*

        v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

───────────────────────────────────

09-4706-ag
NAC

FOR PETITIONER:        Justin Conlon, Law Offices of Justin Conlon, North Haven, Connecticut.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Kristin K. Edison, Attorney, United States Department

**of Justice, Office of Immigration Litigation, Civil Division, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Diemu Jean Paul Mudiangomba, allegedly a native and citizen of the Democratic Republic of Congo ("DRC"), seeks review of an October 16, 2009, decision of the BIA denying his motion to reopen his removal proceedings. *In re Diemu Jean Paul Mudiangomba*, No. A095 837 895 (B.I.A. Oct. 16, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

After the July 2006 merits hearing, the IJ found that the Petitioner had failed to establish his Congolese identity, which defeated *prima facie* eligibility for relief. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006) ( "[A] petitioner's nationality, or lack of

2

nationality, is a threshold question in determining his eligibility for asylum.") (internal quotation marks omitted).  On the motion for rehearing, the BAD did not err in declining to consider Petitioner's newly submitted identity documents. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (recognizing that in an untimely motion to reopen based on changed country conditions, the movant must submit previously unavailable evidence demonstrating his *prima facie* eligibility for relief).  As the BIA found, and Mudiangomba conceded before the BIA, the identity documents Mudiangomba submitted with his motion to reopen were not previously unavailable.  Thus, the BIA reasonably declined to consider those documents in its evaluation of Mudiangomba's motion to reopen.  *See id.*  Accordingly, because Mudiangomba failed to successfully rebut the IJ's dispositive identity determination and establish his *prima facie* eligibility for relief, the BIA did not abuse its discretion in denying his motion to reopen.

We need not reach Mudiangomba's arguments regarding the BIA's determination that he failed to establish materially changed country conditions excusing the time limitation applicable to his motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk